WILLIAM STEWART v. GALVESTON, HARRISBURG & SAN ANTONIO
RAILWAY COMPANY.

Decided January 27, 1904.

1.—Contributory Negligence—Pleading.

A special plea "that plaintiff was guilty of negligence at and before his injuries which was the direct and proximate cause of the same," held sufficient to raise issue of contributory negligence.

2.—Same—Charge.

Under a plea of contributory negligence, in general terms, a charge that plaintiff's failure to look and listen for the approach of a car, if found to be negligence, would prevent a recovery was proper, such plea being sufficient to warrant the submission of the issue specifically in any and all forms in which it was presented by the evidence.

3.—Same—Charge—Omission—Request.

Where defendant pleaded two distinct theories of plaintiff's negligence and the court submitted the case on one of them only, plaintiff can not complain, it being a matter of omission and he not having requested a submission of the same.

4.—Signals—Crossing—Custom.

Whether or not the bell was rung or the whistle blown on a particular train or whether cars were put in motion and allowed to go over a street crossing on a particular occasion, can not be proved by testimony as to the general custom of trains in such matters.

Appeal from the District Court of Bexar.   Tried below before Hon. S. J. Brooks.

*D. J. Powell* and *Jas. Routledge,* for appellant.

*Newton & Ward* and *Baker, Botts, Parker & Garwood,* for appellee.

JAMES, CHIEF JUSTICE.—The plaintiff, Stewart, alleged that while crossing Walnut Street in the city of San Antonio, at or near where it crosses Cherry Alley, defendant's servants engaged in operating its cars negligently backed or kicked a car or cars down over said crossing, causing him to be thereby struck and injured.   That the ordinance of the city required that a bell should be rung on all locomotives and kept ringing as it approached the crossing; that the night was dark and defendant failed to provide lights on the cars or to sound the bell or blow the whistle or to give any kind of warning on this occasion.

Defendant pleaded general denial, and specially "that plaintiff was guilty of negligence at and before his injuries which was the direct and proximate cause of the same."   The portion in quotation marks is the language of the plea.

The first and second assignments are founded upon the contention that contributory negligence was not sufficiently pleaded to raise such issue. They are overruled.

Under the third appellant complains of the charge which instructed the jury that if plaintiff failed to look and listen for the approach of the car, etc., and if such failure, if any, was negligence, without which the accident would not have occurred, to find for defendant upon the

ground that defendant had not alleged specifically any particular acts of negligence on the part of plaintiff, and therefore it was improper for the court to single out and charge upon specific acts of negligence and submit same to the jury, and upon the further ground that such mode of submission gave undue prominence to such particular facts.

These are the only questions which appellant's brief raises by propositions under the third assignment. A general plea of contributory negligence, not excepted to, is undoubtedly sufficient to warrant its submission generally or in any and all forms in which the issue is made by the evidence.

The fourth is also overruled. If, as contended by appellant, he pleaded and relied on establishing defendant's negligence by two distinct theories and the court submitted the case on one theory, plaintiff can not complain, it being a matter of omission and he not having requested a submission of the other.

Under the fifth assignment the proposition is made that when the issue is as to whether or not the bell was rung or the whistle blown on a particular train, it is admissible to show that defendant's trains habitually failed to ring the bells or blow the whistle. The testimony offered and excluded was that of Helen Robinson, who lived near the place, to the effect that at the point where this accident occurred more than half the trains that passed her house failed to ring the bell or blow the whistle.

The inquiry was as to the ringing of the bell, etc., in connection with the cars which struck plaintiff. We understand Gulf C. & S. F. Ry. Co. v. Evansich, 61 Texas, 6, and Gulf C. & S. F. Ry. Co. v. Rowland, 82 Texas, 171, as condemning the testimony offered as improper. Where the issue is whether a certain act is negligent or not it has been frequently held proper to show what is usually done under the same circumstances. But whether or not the act itself occurred can not, we think, be so proven.

The same conclusion requires the overruling of the sixth assignment, which is that the court erred in refusing to permit the witness Guckian to testify that it was the usual and general custom in switching cars in defendant's yard to kick cars and kick the same with an engine at or near this place, and that the cars then went on over Cherry Alley by themselves and that the switch engine stopped behind to pick up other cars and went ahead and overtook said cars which had previously been kicked ahead of it. The same applies to the seventh assignment.

*Affirmed.*

Writ of error refused.