## SOUTHERN IRON & MACHINE CO. v. PORTUGAL et al.

No. 8874.

Court of Civil Appeals of Texas. San Antonio.

Oct. 19, 1932.

King, Wood & Morrow, of Houston, and Abney & Whitelaw, of Brownsville, for appellant.

Seabury, George & Taylor, of Brownsville, for appellees.

SMITH, J.

Catarino Portugal was killed as a result of a collision between an automobile in which he and others were riding as passengers and an automobile belonging to appellant, Southern Iron & Machine Company, and driven by its agent.

At the time of the accident, Portugal was riding on the left running board of the car. The collision occurred on a curve of a paved highway in Cameron county. In faithful adherence to an apparently universal custom, each driver testified that at the time of the collision his car was on the right half of the roadway, and the other's on the wrong half. It is apparent from the record, and easily conceivable, that both vehicles were whirling recklessly around the curve, at an admitted speed of twenty-five or more miles per hour.

Appellant's car side-swiped the left side of the other, crushing Portugal, perched on the running board. It does not require much stretch of the imagination to discern a significant relation between the facts that none of the travelers was injured except Portugal, and that he was riding on the running board at the point of impact.

Portugal's widow and children recovered damages on account of his alleged wrongful death, and the corporate defendant has appealed.

In its answer appellant pleaded the contributory negligence of the deceased by simply alleging that he "was himself guilty of negligence at the time and place of the accident alleged by the plaintiffs in their petition." The trial court submitted the issue of contributory negligence in equally general terms by asking the jury to find if either the deceased or his driver-host was "guilty of any negligent act or omission which, concurring or co-operating with the negligence, if any, of" the driver of appellant's car "proximately caused or contributed to cause the death of said Portugal." The evidence included testimony of specific acts of contributory negligence upon the part of deceased, such as his act of riding on the running board of the truck. In this situation appellant objected to the submission of the question of contributory negligence in the one general issue, and complains because of the refusal of its re-

quested special issues submitting the specific acts developed by the evidence. We are obliged to sustain the complaint, embraced in appellant's first proposition.

█ It now appears to be well settled in this state that "a general plea of contributory negligence, not excepted to," as in this case "is undoubtedly sufficient to warrant its submission generally or in any and all forms in which the issue is made by the evidence." Stewart v. Galveston, H. & S. A. Ry. (Tex. Civ. App.) 78 S. W. 979 (writ denied); Lanning v. Yarbrough (Tex. Civ. App.) 35 S.W.(2d) 211, and authorities there cited.

██ It is equally well settled that it is the duty of a trial court to segregate and separately submit each act of negligence pleaded by either party and supported by evidence, and it is reversible error to submit the issue of negligence in general terms over the objection of the parties, or to refuse requested special issues separately submitting controverted specific acts of negligence. Articles 2189, 2190, R. S. 1925; Speer's Special Issues §§ 182, 189; France v. Graves (Tex. Civ. App.) 48 S.W.(2d) 438, and authorities there cited. Upon these conclusions we sustain appellant's first and second propositions.

. If the question discussed were one of first impression, we might be disposed to hold, in support of good practice, that one who pleads negligence, or any other affirmative ground of recovery or of defense, should not be heard to complain because the issue he has raised is submitted in terms as general as his pleading thereof. Nor should his opponent be heard to complain of such submission when he has failed to except to the generality of his adversary's pleading. But the authorities clearly hold against this notion; thus rendering it still more difficult for counsel and trial courts to steer a trial safely through the increasingly difficult perils of special issues.

█ The court likewise erred in charging the jury that "the burden of proof is upon the plaintiffs to establish the material allegations in their petition, upon which they rely for a recovery, by a preponderance of the evidence." This instruction has been condemned for numerous reasons not necessary to set out here. Speer's Special Issues, §§ 133, 137; Davis v. Morris (Tex. Com. App.) 13 S.W.(2d) 63; Wootton v. Jones (Tex. Civ. App.) 286 S. W. 680; Missouri-Kan. Texas Ry. v. Thomason (Tex. Civ. App.) 3 S.W.(2d) 106; Ark. Fuel Oil Company v. Connellee (Tex. Civ. App.) 39 S.W.(2d) 99.

█ So was it error for the court to refuse to define the term "ordinary care," as used in the charge to the jury. Speer's Special Issues, § 51; France v. Graves (Tex. Civ. App.) 48 S.W.(2d) 438, and authorities there cited.

Numerous other questions are presented in the appeal, some of which ought not, and probably will not, occur upon another trial, and such need not be noticed here.

But, for the specific reasons given, the judgment must be reversed and the cause remanded.