**COLEMAN et al. v. TEXAS & PAC. RY. CO.**
No. 14335.

Court of Civil Appeals of Texas. Dallas.
June 15, 1951.

Rehearing Denied July 13, 1951.

Sidney E. Dawson, Dallas, for appellants.

Robertson, Jackson, Payne, Lancaster & Walker, Donald C. Fitch, Jr., J. T. Suggs, D. L. Case, J. L. Lancaster, Jr., all of Dallas, for appellee.

YOUNG, Justice.

The suit in trial court was for damages growing out of injuries allegedly sustained by Anna Coleman while attempting to alight from one of appellee's passenger coaches at Union Station, Dallas. Upon defendant's judgment based on a jury verdict, this appeal is taken.

Answer of the jury was "No," to the primary issue submitted of whether Anna Coleman was heavily laden with parcels as she was alighting from aforesaid coach. Further answers were that she failed on the occasion in question to keep a proper lookout for her own safety, which was a proximate cause of injury; that her act of carrying a suitcase in front of her on alighting, if she was, constituted negligence and a proximately contributing cause of injury; that plaintiff's fall was not the result of an unavoidable accident; that her failure to request assistance on alighting was negligence proximately contributing to injury. Damage assessed under pleading and proof was $355.

Above findings would appear to finally acquit the defendant of all liability; appellant however bringing forward a claim of errors occurring in course of trial with prejudicial effect on her right of recovery. These contentions relate to rulings of the trial court, "(1) in excluding from the jury over the objection of the appellants consistent statements made by Anna Coleman, appellant, after appellee on cross-examination charged her with fabricating her testimony; (2) in presenting to the jury over the objection of appellants affirmative defensive issues not plead and set up in the answer of the appellee to appellants' petition; (3) in not granting appellants' motion for a new trial after the attorney for appellee in his closing argument to the jury made statements and declarations to them that were outside of the record and prejudicial to the rights of appellants."

At the time (April 2, 1949), Anna Coleman, age 30, height 5' 10", weight some 170 lbs., in good health, had been a fare-paying passenger from Jefferson to Dallas; testifying that in process of getting off said train at regular place of debarkation, she

was encumbered as follows: Carrying parasol and shopping bag by straps on left forearm, purse with strap over left wrist, holding same with fingers of left hand, a large suitcase in right hand; that on account of the narrow steps, suitcase was being held in front, obscuring her view in going down; that she was thereby caused to miss the bottom step, falling heavily to platform on right side, sustaining injuries; with train conductor and porter nowhere near to render assistance in alighting. These trainmen testified to being at either the same exit or that of adjacent coach; that Anna Coleman did not ask for assistance and was not carrying a suitcase at the time; appellee's counsel in course of examination of plaintiff endeavoring to show by absence of dents or scuff marks that the suitcase (produced in court) had not been involved in a fall. On rebuttal plaintiff sought to prove that after her fall she had told her husband on meeting him at the station and Viola Clark after reaching home, also the doctor next day, that she had the suitcase in hand when getting off the train. Such cross-examination and contrary statements by other witnesses are not tantamount to an imputation of "recent fabrication" rendering admissible prior consistent statements with respect to said hand baggage. A mere contradiction by other witnesses is not such an impeachment as will authorize the introduction of a former consistent statement to corroborate a witness. McCormick and Ray, Texas Law of Evidence, p. 441. See also Radford v. Hill, Tex.Civ.App., 185 S.W.2d 129, 131, where this court held under analogous facts: "We do not see in the testimony of Mr. Radford a sufficient predicate for application of the rule of 'recent fabrication', 45 T.J., pp. 178–182; the same being simply contradictory of Hill's version of the transaction, and no more an attack upon the latter's credibility than is ordinary to any controversy."

■■ In its answer, appellee plead generally the contributory negligence of Anna Coleman to which plaintiffs took no exception; the plea under these circumstances becoming a sufficient predicate for submission by the trial court of all issues of con-

tributory negligence raised by the evidence. "It is settled that a general plea of contributory negligence not excepted to is sufficient to warrant submission of the issue either generally or in such respective groups of issues as may be made by the evidence, if submission is requested. Owl Taxi Service et al. v. Saludis, Tex.Civ.App., 122 S.W.2d 225 and cases there cited; Northcutt v. Magnolia Petroleum Co., Tex.Civ.App., 90 S.W.2d 632, writ refused." Schumacher Co. v. Shooter, 1939, 132 Tex. 560, 124 S.W.2d 857, 859. This rule of procedure was in no wise changed or abrogated by the 1941 Rules of Civil Procedure, 94, 277 and 279; Rule 94 simply requiring the defense of contributory negligence to be set forth affirmatively by the party seeking to rely thereon; and if, as here, the same was generally plead, appellant could easily have procured a more specific pleading of defenses by appropriate exceptions.

■ Appellants' third point for reversal complains of defendant's argument to the jury; telling them in substance that the railroad had investigated plaintiff's claim, finding same to be unjust and unfounded; that the company usually settled all just claims but that in this case it felt there was no merit to the claim of plaintiff. The argument was objected to as being outside the record, highly prejudicial and inflammatory. The objection was sustained, the court withdrawing said statements from consideration by the jury, instructing them to disregard same; offending counsel immediately apologizing for and retracting the remarks in question. Plaintiffs' counsel did not ask for a mistrial. The record does not disclose the background of aforesaid argument which was obviously improper. However in view of its immediate retraction by counsel and salutary action by the trial court thereon, the argument is not deemed as beyond cure by the court's timely instruction, which, we may presume, was followed by the jury. In King v. Federal Underwriters Exchange, 144 Tex. 531, 191 S.W.2d 855, 856, with facts sufficiently similar, our Supreme Court held in part: "Under these circumstances it will be presumed that the harmful effect of the improper argument

was removed by the instructions. Id.; Ramirez v. Acker, 134 Tex. 647, 138 S.W. 2d 1054. * * *."

Above conclusions render unnecessary a consideration of appellee's counterpoint complaining of the trial court's refusal to sustain its motion for an instructed verdict.

· The judgment is accordingly affirmed.