HOYT L. AGNEW V.
COLEMAN ELECTRIC COOPERATIVE, INCORPORATED

No. A-4572. Decided November 24, 1954.
(272 S.W. 2d Series 877)

588

*Bob Huff, J. H. Splawn, Jr.,* and *Ted Odom,* all of Lubbock, for petitioner.

The Court of Civil Appeals erred in reversing this cause on the ground of the refusal of the trial court to submit defendant's requested special issue which inquired as to whether plaintiff sounded his horn and whether same was negligence and a proximate cause of the collision. Schumacher v. Shooter, 132 Texas 560, 124 S.W. 2d 857; City of Fort Worth v. Lee, 143 Texas 551, 186 S.W. 2d 954; Wichita Transit Co. v. Sanders, 214 S.W. 2d 810.

*Strasburger, Price, Kelton, Miller & Martin* and *W. M. Taylor, Jr.,* all of Dallas, for respondent.

Defendant, having answered by a general plea of contributory negligence and plaintiff not having accepted thereto, was entitled to the submission of special issues raised by the evidence and the Court of Civil Appeals correctly so held. Spears Dairy v. Bohrer, 54 S.W. 2d 872; Coleman v. Texas & P. Ry. Co., 241 S.W. 2d 308; Dallas Ry. & Term. Co. v. Orr, 147 Texas 383, 215 S.W. 2d 862.

Mr. Justice Griffin delivered the opinion of the Court.

This cause is a suit for damages filed by petitioner as plaintiff against respondent as defendant. Plaintiff alleged certain acts of negligence on the part of the driver of a truck belonging to defendant, and being at the time of the collision operated in

the business of the defendant. The collision occurred at a time when plaintiff was attempting to overtake or pass on the left of defendant's truck. Upon a trial to a jury, a verdict was returned convicting defendant of negligence which was a proximate cause of plaintiff's injuries and resulting damages. The verdict likewise absolved plaintiff of any contributory negligence. In its answer to plaintiff's petition the defendant pleaded contributory negligence only in general terms. Plaintiff lodged no exceptions to this general allegation, and went to trial upon such general plea. Upon the trial an issue was raised as to whether or not plaintiff had sounded the horn on his car as he was attempting to pass the defendant's truck. In its charge to the jury, the court submitted the matter of contributory negligence generally, and as fully as alleged by the defendant's answer. Defendant filed no objections or exceptions to such submission. The defendant did request an issue inquiring whether plaintiff failed to blow the horn on his automobile when he attempted to pass defendant's truck, and if so, was such failure negligence and a proximate cause of the collision. The court refused such requested special issue, and defendant properly noted its exceptions to such action. Plaintiff says the trial court was not in error in so refusing such special issue because (1) defendant had pleaded contributory negligence only in general terms, and the court had submitted appropriate issue in the language of such pleading, and defendant not having objected to such submission, was not entitled to have submitted issues pointing out specific acts of negligence on the part of the plaintiff, and (2) there was neither evidence nor pleading to support such specific submission as requested, or, in the alternative, that the evidence was insufficient to sustain an affirmative finding to such requested issue. Upon appeal the Court of Civil Appeals held that defendant's requested instruction should have been given, and reversed and remanded the cause for another trial. 265 S.W. 2d 911. The opinion of the Court of Civil Appeals fully sets out the facts of the case, and analyzes and discusses the authorities applicable to the error complained of, and has correctly decided that the authorities require that the requested issue and its correlative issues of negligence and proximate cause be given.

■ Plaintiff, who is petitioner herein, contends that in the absence of any pleading by the defendant setting out the specific negligent acts of plaintiff covered by the issue requested, Rule 94, Texas Rules of Civil Procedure denies defendant the right to have such requested issue submitted. Plaintiff further contends that Rules 67, 277 and 279, Texas Rules of Civil Procedure, prevent such submission. Rule 67 covers "Amendments to Conform

to Issues Tried With Objection" and the last clause reads: "* * * provided that written pleadings, before the time of submission, shall be necessary to the submission of special issues, as is provided in Rules 277 and 279."

■ Rule 94 has to do with affirmative defenses, and requires that all affirmative defenses including contributory negligence shall be set forth "in pleading to a preceding pleading." It is to be noted that Rule 94 permits pleading of contributory negligence generally, and that this rule makes no requirement that specific acts of contributory negligence be set out in such pleading. There is a further provision of Rue 94 as to defenses against suit upon insurance contracts stating that the insurer shall never "be allowed to raise such issue (i.e., that the loss was due to a risk or cause coming within any of the exceptions specified in the insurance contract) unless it shall specifically allege that the loss was due to a risk or cause coming within a particular exception to the general liability." In view of the language of Rule 94, in its entirety, we do not believe that it can be held that a general plea of contributory negligence will not support issues based upon specific acts of negligence, when justified by the evidence introduced under such general plea. If the opposite party desires more specific allegations as to contributory negligence, he is entitled to have them, upon his lodging an appropriate exception to such general pleading.

■ The reasoning upon which the authorities hold that a general plea of contributory negligence will sustain submission of specific acts of negligence, when supported by the evidence, and requested by the party desiring such submission, is that if the plea is sufficient to permit the introduction of testimony as to specific acts, then it is sufficient to sustain the submission of issues regarding such specific acts. "If the facts grouped in the appellant's charge were admissible under the plea of contributory negligence, and the charge was correct, it should be given. A defendant may plead contributory negligence in general terms, and, *if not excepted to,* the plea will authorize the introduction of testimony to establish the fact of negligence. (Western Union) Telegraph Co. v. Jeanes, 1895, 88 Texas 230, 31 S.W. 186. The pleadings furnish the standard by which the court determines the admissibility of evidence, but it is the duty of the court to instruct 'the jury as to the law arising on the facts.' Rev. St. Art. 1317." (Emphasis added.) Rule 272, Texas Rules of Civil Procedure; Gulf, G. & S. F. R. Co. v. Mangham, 1902, 95 Texas 413, 67 S.W. 765, 766, 41B Texas Jur. 518.

The case of Western Union Telegraph Co. v. Jeanes, 88 Texas 230, 31 S.W. 186, by Gaines, C. J., cited in the opinion in the above case holds: "The answer of the defendant did not plead specifically the failure to send an answering message as contributory negligence, but it averred, generally, that the plaintiff's 'injuries were caused directly and proximately by plaintiff's own negligence.' *If specially excepted to for generality, the averment should have been held bad.* But no exception was interposed, and the allegation was sufficient to admit proof of the defense. May v. Taylor, 22 Texas 348." (Emphasis added.)

Plaintiff contends that the quotations from the authorities as set out in the Court of Civil Appeals' opinion, 265 S.W. 2d 914, to the effect that a " 'general plea of contributory negligence, not excepted to is sufficient to warrant submission of the issue either generally *or* in such respective groups of issues as may be made by the evidence, if submission is requested' " means that the defendant herein was only entitled to one or the other— a general submission, *or* a special submission, but not both; that the court, having given a general submission, no error was committed by the court's refusal to give the requested special submission. In all the cases cited which involve the exact point raised here, and where it was held error not to give the special submission, a general submission was also given. Not a single one of such cases holds that by being given a general submission the defendant is deprived of his right to have the issue submitted specially. On the contrary, all hold it error to refuse the special submission.

In addition to the Mangham case, supra, the following cases, wherein a general submission was given, hold error to refuse the special submission. In some of these cases there were objections to the general submission, and in others there were no objections. Schumacher Co. v. Shooter, 1939, 132 Texas 560, 124 S.W. 2d 857 reversed a holding of the Court of Civil Appeals that it was not error to refuse the special submission requested by defendant where contributory negligence was only plead generally, and the trial court had given only a general submission. The Court of Civil Appeals had sustained the contentions of plaintiff therein, which contentions were along the same lines as are urged on this appeal. In the case of Owl Taxi Service v. Saludis, 1938, Texas Civ. App., 122 S.W. 2d 225, writ dismissed, w.o.j., the exact point was raised as is here urged. No exception or objection was urged to the trial court's general submission of contributory negligence, but special issues as to specific acts

were requested and refused. The Court of Civil Appeals held error. This case is cited with approval in our Schumacher Company case, supra. See also the following cases which hold to the same effect: Stewart v. Galveston, H. & S. A. R. Co., 1904, 34 Texas Civ. App. 370, 78 S.W. 979, writ refused; Houston E. & W. T. R. Co. v. Lynch, 1919, Texas Civ. App., 208 S.W. 714, no writ history, wherein the Court of Civil Appeals on original submission, held no error, but on rehearing changed the opinion so as to hold error; Southern Iron & Machine Co. v. Portugal, 1932, Texas Civ. App., 53 S.W. 2d 685, no writ history; Spears Dairy, Inc. v. Bohrer, 1932, Texas Civ. App., 54 S.W. 2d 872, writ dismissed; English v. Blackwood, 1939, Texas Civ. App., 128 S.W. 2d 895, dismissed, correct judgment.

Plaintiff says that all of the above cases were prior to the adoption of the new rules of civil procedure in 1941, and that many of these were submissions on general charge rather than upon special issues. This statement is correct, but in the case of Fox v. Dallas Hotel Co., 111 Texas 461, 240 S.W. 517, 522, Justice Greenwood says:

"The right of a party plaintiff or defendant to have all fact issues submitted to, and determined by, a jury which he has pleaded and proven, depends in no wise on whether judgment is to be entered on a special or general verdict. The language of the statute is too plain to admit of doubt on this point. Hence the cases settling the rule where general charges are given settle it where special issues are submitted."

The only case arising since the adoption of the new rules of civil procedure and discussing the law point involved herein, is the case of Coleman v. Texas & Pac. Ry. Co., 1951, Texas Civ. App., 241 S.W. 2d 308, writ refused, wherein it is said:

"In its answer, appellee plead generally the contributory negligence of Anna Coleman to which plaintiffs took no exception; the plea under these circumstances becoming a sufficient predicate for submission by the trial court of all issues of contributory negligence raised by the evidence. *'It is settled that a gen-plea of contributory negligence not excepted to is sufficient to warrant submission of the issue either generally or in such respective groups of issues as may be made by the evidence, if submission is requested.* Owl Taxi Service et al v. Saludis, Texas Civ. App., 122 S.W. 2d 225 and cases there cited; Northcutt v. Magnolia Petroleum Co., Texas Civ. App., 90 S.W. 2d 632, writ refused.' Schumacher Co. v. Shooter, 1939, 132 Texas 560, 124

S.W. 2d 857, 859. This rule of procedure was in no wise changed or abrogated by the 1941 Rules of Civil Procedure, 94, 277 and 279; Rule 94 simply requiring the defense of contributory negligence to be set forth affirmatively by the party seeking to rely thereon; and if, as here, the same was generally plead, appellant could easily have procured a more specific pleading of defenses by appropriate exceptions." (Emphasis added.)

■ By our unqualified refusal of the application for writ of error in the above cause, we approved the principles of law declared in the opinion of the Court of Civil Appeals. Rule 483, Texas Rules of Civil Procedure; Heinatz v. Allen, 1949, 147 Texas 512, 217 S.W. 2d 994.

We overrule the petitioner's points of error based upon the claimed error of the Court of Civil Appeals holding on the proposition discussed above.

Plaintiff attacks the holding of the Court of Civil Appeals which sustained defendant's objections to the trial court's issue No. 12, and the accompanying instruction. The court submitted instructions which would have affirmatively limited the jury's consideration to aggravation by defendant's negligence, if any, of plaintiff's arthritis as testified to by plaintiff's witness, Dr. Barry. Since the case must be retried, we will not comment upon this testimony. However, if upon another trial the evidence in the case raises the fact issue as to part of the damages being due to a prior condition of arthritis, the matter of special issues in this connection will be governed by the law as declared in Dallas Railway & Terminal Co. v. Ector, 131 Texas 505, 116 S.W. 2d 683, and Dallas Railway & Terminal Co. v. Orr, 147 Texas 383, 215 S.W. 2d 862.

The judgment of the Court of Civil Appeals is affirmed.

Associate Justice Walker not sitting.

Opinion delivered November 24, 1954.

MR. JUSTICE SMITH dissenting.

I respectfully dissent. It is my sincere contention that the conclusion reached by the majority relative to petitioner's first point of error springs from a misinterpretation by the Court of Civil Appeals in the case of Owl Taxi Service v. Saludis, 1938, Texas Civ. App., 122 S.W. 2d 225, writ dismissed, w.o.j., of the

holding in the case of Stewart v. Galveston, H. & S. A. R. Co., 34 Texas Civ. App., 370, 78 S.W. 979, writ refused. I shall hereafter refer to these causes as the "Saludis case" and the "Stewart case."

In the Stewart case the defendant entered a general plea of contributory negligence. The trial court instructed the jury that if plaintiff failed to look and listen for the approach of cars, etc., and if such failure, if any, was negligence, without which the accident would not have occurred, to find for the defendant. Stewart, the plaintiff, excepted to this portion of the charge upon the ground that defendant had not alleged specifically any particular act of negligence on the part of plaintiff, and, therefore, it was improper to single out and charge upon specific acts of negligence and submit same to the jury. The Court of Civil Appeals overruled plaintiff's assignment of error and held that "A general plea of contributory negligence, not excepted to, is undoubtedly sufficient to warrant its submission generally or in any and all forms in which the issue is made by the evidence."

The Stewart case, supra, is cited as authority for the holding in the case of Owl Taxi Service v. Saludis, supra, wherein the Court of Civil Appeals held that the trial court erred in refusing certain requested issues which had for their purpose the submission of specific acts of contributory negligence as raised by the evidence. The application for writ of error assigning error on this point filed by petitioner, Saludis, was dismissed by the Supreme Court for want of jurisdiction. The petitioner urged a conflict between the holding in the Stewart case and his case. This Court reached the conclusion that no conflict existed. In fact, there was no conflict. The trial court in the Stewart case chose to frame the issue on contributory negligence so as to inquire of the jury as to a specific act of negligence. This he had the right to do, if he so desired. In the Saludis case, the trial court submitted the issue generally, but refused to submit requested issues embracing specific acts of contributory negligence. The Court of Civil Appeals, in passing on this question, (122 S.W. 2d 227) stated: "The exact issue here presented is whether the general plea of contributory negligence, not excepted to, authorized the submission of specific groups of facts, raised by the evidence, which would constitute contributory negligence, after the court had submitted the issue of contributory negligence in general terms, without objection thereto by the defendants." The Court of Civil Appeals held that "As submitted the general issue was sufficient to cover all groups of contributory negligence, raised by the evidence. The question arises, there-

fore, as to whether the defendants, by failure to object to the general issue as given, waived their rights to have the special issues, requested by them, submitted to the jury. * * * We have concluded that this was sufficient to call the matter to the trial court's attention and that his refusal to give such special issues was error." The Court further held that under the decisions the issues should have been submitted, and concluded that "The facts grouped in the special issues requested were clearly raised by the evidence. Though not specifically pleaded, the general plea of contributory negligence was not excepted to by the plaintiff. Under these circumstances, it now seems settled that defendants were entitled to have such grouping, as constituting a defense, submitted to the jury." The Court proceeded to cite the Stewart case, supra, and quoted from that case the following: *"A general plea of contributory negligence, not excepted to is undoubtedly sufficient to warrant its submission generally or in any and all forms in which the issue is made by the evidence."* (Emphasis added.) This is the only decision cited by the Court of Civil Appeals.

I am firmly of the opinion that the Court of Civil Appeals in the Stewart case did not have before it the question and it did not hold that the defendant was entitled to both the submission of a general issue on contributory negligence and the submission of specific acts of contributory negligence. It simply held that the trial court did not err in its method or manner of submitting the issue on contributory negligence. The respondent in the present case does not contend that it was entitled to both general and specific issues. At page 2 of its Supplemental Brief, filed in this Court, respondent says: "Under the above authorities (Owl Taxi Service v. Saludis, supra, etc.) we do not take the position that respondent in the trial of this case was entitled to the submission of both the specific issue and also the general issue of contributory negligence." The respondent, in its Supplemental Brief, contends that (1) it did not secure the submission of its defense of contributory negligence and (2) if the trial court submitted its defense of contributory negligence, then the request for the submission of special issues on contributory negligence was sufficient to call the attention of the trial judge to *"the proposition that respondent was not satisfied with the submission of its defense on the general issue."* (Emphasis added.) Both contentions are without merit. The respondent's plea of contributory negligence was in general terms. The trial court submitted Special Issue No. 16 as follows: "Do you find * * * that plaintiff Agnew failed to exercise ordinary care in attempting to pass defendant's truck at the place where he did attempt

to pass it at the time and on the occasion in question?" The jury answered: "He did not fail."

I have examined the objections and exceptions to the court's charge filed by the respondent and nowhere in such objections and exceptions does the respondent object to the form of the issue, neither does it object to the charge for failure to submit the defense of contributory negligence. Clearly the issue of contributory negligence was submitted as plead.

In support of its contention that the request for the submission of issues inquiring as to specific acts of contributory negligence was sufficient to call the trial court's attention to its dissatisfaction with the general issue, respondent cites the Saludis case, supra. This case was cited with approval by the Commission of Appeals in Schumacher Co. v. Shooter, 132 Texas 560, 124 S.W. 2d 857 and in the case of Coleman v. Texas & Pac. Ry. Co., Texas Civ. App., 241 S.W. 2d 308, writ refused. It is obvious that due to a misinterpretation of the holding in the Stewart case the Court of Civil Appeals in the Saludis case held that the defendant was entitled to both forms of submission of the defense of contributory negligence. Apparently the respondent in the present case recognizes the weakness of the Saludis case—hence, counters with the proposition that the mere filing of the request for the submission of the issues was sufficient to apprise the trial court of its dissatisfaction with the issue submitted. Such contention comes too late. This position was not called to the attention of the trial court in any manner. I contend that the respondent was not entitled to both submissions and that the Stewart case does not so hold. The requested issues only informed the court that respondent desired the submission of the defense of contributory negligence in both forms; i.e., by way of a general issue and an issue inquiring as to specfic acts of contributory negligence.

How could the Court of Civil Appeals in the Saludis case hold that the general issue in the case was sufficient to "cover all groups of contributory negligence" and in the same opinion hold, as it did, that it was error for the trial court to refuse the requested issues? If the general charge in the present case covered all groups of specific acts of contributory negligence then the case should not have been reversed. It cannot be said that error was committed; neither can it be said that the action of the trial court in refusing the requested issues amounted to such a denial of the rights of respondent as was reasonably calculated to cause and probably did cause the rendition of an improper

judgment in this case. See Rule 434, Texas Rules of Civil Procedure.

The case of Schumacher Co. v. Shooter, supra, (132 Texas, 560, 124 S.W. 2d 859), has no application to the question involved here. In that case the defendant requested the court to submit a group of issues inquiring as to whether a specific contributory act of negligence was the *sole proximate cause* of the collision. The plaintiff took the position that since the defendant had plead contributory negligence in general terms, the trial court did not err in refusing to submit the group of special issues requested by defendant, which were designed to ascertain whether some one of the acts of the driver inquired about was the *sole proximate cause* of the collision. The trial court had not included the issue of sole proximate cause in its charge at the time defendant requested the issue. The issue of sole proximate cause was raised by the evidence. The trial court refused to submit the issue. The Commission of Appeals, in an opinion adopted by this Court, simply held as was held in the Stewart case that *"It is settled that a general plea of contributory negligence not excepted to is sufficient to warrant submission of the issue either generally or in such respective groups of issues as may be made by the evidence * * *."* (Emphasis added.) The Court went further to hold that "Although defendant did not plead specially that the contributory negligence of the driver was the sole proximate cause of plaintiff's injuries it pleaded a general denial to her petition, which was sufficient as a defensive plea to warrant submission of the issue," citing Horton & Horton v. House, Texas Com. App., 29 S.W. 2d 172, 984; Wright v. Traders & General Ins. Co., Texas Com. App., 132 Texas 172, 123 S.W. 2d 314 and Traders & General Ins. Co. v. Wright, Texas Civ. App., 95 S.W. 2d 753 in support of this last mentioned holding.

So, in my opinion, it conclusively appears that the court in the Schumacher case, supra, was not considering the point of whether or not defendant was entitled to a submission of the defense of contributory negligence in both forms. The record shows in that case that the defendant pleaded several specific acts of contributory negligence, and special issues were submitted in the charge in line with the pleadings and the evidence. The defendant was not contending that it was entitled to both submissions.

The respondent relies very strongly on the case of Coleman v. Texas & Pac. R. Co., supra. The majority opinion here quotes at length from the opinion. Upon examination of the record, I

find that the defendant was not contending for a submission of the defense of contributory negligence both generally and specifically. The defendant plead generally the defense of contributory negligence. The court chose to submit affirmatively the defense of contributory negligence by submitting issues embracing specific acts of negligence on the part of plaintiff. The plaintiff objected and excepted to the issues on the ground that it presented "to the jury over the objection of appellants affirmative defensive issues *not plead* and set up in the answer of the appellee to appellants' petition." The Court of Civil Appeals held that defendant's general plea of contributory negligence, not excepted to, was a sufficient predicate for submission by the trial court of all issues of contributory negligence raised by the evidence. This was a correct holding on the point presented, but it is definitely no authority for a holding that the respondent in our case was entitled to both forms of submission merely because the plaintiff did not except to the general plea of the defense of contributory negligence. The Court of Civil Appeals then proceeds to hold that either form of submission was warranted under the general plea of contributory negligence.

Gulf, C. & S. F. R. Co. v. Mangham, 95 Texas 413, 67 S.W. 765 is cited as authority in the majority opinion. It came to the Supreme Court by way of certified questions presented in 1902. The defendant filed a general plea of contributory negligence by alleging that "plaintiff's injury was caused by the lack of care and contributory negligence, under the circumstances of the case, in getting upon, or attempting to get upon, the engine of defendant, which defendant pleads in bar of plaintiff's cause of action." The certificate states: "The court's charge on contributory negligence was in general terms, *but as full as defendant's plea, and correct as far as it went.*" (Emphasis added.) The question certified is: "Where the facts in evidence relied on by the defendant to constitute contributory negligence are not specifically pleaded, and the court fails to group the facts, but charges in general terms on contributory negligence, is the defendant entitled to have given a special charge, grouping the facts, and applying the law thereto?" It is apparent from the certificate that the Court of Civil Appeals was of the opinion that the general charge on contributory negligence given by the trial court did not cover all the acts of contributory negligence as shown by the evidence. Therefore, the Supreme Court answered that under a general plea of contributory negligence, not excepted to, the pleader is authorized to introduce evidence and then have submitted to the jury all issues of contributory negligence raised by the pleadings and the evidence.

An analysis of this case convinces me that it does not hold that defendant was entitled to have the same issues of contributory negligence submitted both generally and specifically.

It is my conclusion that the judgment of the Court of Civil Appeals should be reversed on the point above discussed. I forego consideration of the petitioner's second point for the reason that the Court of Civil Appeals and the majority opinion do not reverse the cause on the ground that the trial court should have sustained respondent's objection to Special Issue No. 12.

Opinion delivered November 24, 1954.