C. H. GARRETT et ux., Appellants,

v.

CITY OF WICHITA FALLS, Appellee.

No. 16047.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 20, 1959.

Smoot & Smoot, and Geo. A. Smoot, Wichita Falls, for appellants.

J. Walter Friberg, Guy H. McNeely and Frank Gibson, Wichita Falls, for appellee.

MASSEY, Chief Justice.

Mrs. C. H. Garrett sustained personal injuries when she stepped in a hole in the park strip between the sidewalk and curb near the county courthouse in Wichita Falls. The area is a part of the public domain of the City of Wichita Falls. By reason of said injuries Mrs. Garrett and her husband brought a suit for damages against the city. Trial was to a jury, and though finding the city to have been negligent the jury also answered special issues convicting plaintiff, Mrs. Garrett, of contributory negligence. Judgment on the ver-

dict was entered for the defendant city and the plaintiffs appealed.

Reversed and remanded.

█ Under plaintiff's allegations and evidence the jury found that the hole into which Mrs. Garrett stepped was located at or near the space at the curb of the street where cars were ordinarily parked, where the defendant city invited persons to park their cars by placing parking meters along the curb, and was at a point where persons would ordinarily walk when leaving or entering automobiles parked at such curb. The jury further found that the city, by the exercise of ordinary care and diligence, could (and would) have discovered the danger and hazard existent by reason of the hole in time to have remedied the same before the injury, and that its failure to discover and remedy the hazard before said time was a proximate cause of the injuries which resulted. Further, the jury found that the said defendant was negligent in allowing grass to grow around and across the hole so that its presence was concealed, and which was negligence and a proximate cause of the injury. Without necessity to resolve a question relative to whether the findings set out in the sentence next preceding this would have withstood an attack, we have concluded that a prima facie case was made out under the theory of implied notice of defect which the defendant city negligently failed to remedy. See 59 A.L.R. 387, Annotation, "Liability for injury on park strip between sidewalk and curb", supplemented at 19 A.L.R.2d 1053.

In its answer the city advanced a general denial in paragraph 1, plea of unavoidable accident in paragraph 3, and in paragraph 2 plead as follows: "This defendant would further show the court that the damages sustained by the plaintiff were the result of her own negligence and failure to use ordinary care and to keep a proper lookout for her own safety, and she ought not to recover from this defendant anything."

There was no request for any special issues submitting any question as to the plaintiff's failure to keep a proper lookout. The questions which did submit the city's theory of defense were as follows:

No. 17. "Do you find * * * that the Plaintiff in walking in a dark place to which she was not accustomed, * * * was guilty of contributory negligence as that term is herein defined?", to which the jury answered, "Yes"; No. 18. "Do you find * * * that the Plaintiff was guilty of contributory negligence in walking upon the grass near the curb without using ordinary care for her own safety?", to which the jury answered, "Yes"; No. 19. "Do you find * * * that the plaintiff could have entered her car from the street side just prior to the accident?", to which the jury answered, "Yes"; and No. 20. "Do you find * * * that the failure to enter the car from the street side, * * * was contributory negligence, as that term is herein defined?", to which the jury answered, "No".

The plaintiff specially excepted to the allegations made by the city in paragraph 2 of its answer and asserted it was an attempt to plead contributory negligence in general terms without setting out any specific act or acts of negligence on the part of the plaintiff whereby she might be advised of what act or acts were claimed to constitute contributory negligence, or describing in specific terms any act or omission on the part of said plaintiff which would amount to negligence and proximate cause of the injuries of which she complained. The exceptions were duly and timely presented to the trial court and were overruled, to which action the plaintiff excepted.

In the plaintiff's objections and exceptions to the Court's Charge to the Jury, special issues Nos. 17 and 18 were objected to for a variety of reasons, including complaint that said issues were not raised by the pleadings and as framed amounted to a

general charge calling for opinion and conclusion on the part of the jury as to whether plaintiff was contributorily negligent under all of the facts of the case, without confining them to specific acts.

After the verdict of the jury had been returned and accepted and the jury discharged, the defendant city, apparently with leave of the trial court, filed a so-called trial amendment in which acts on the part of the plaintiff were alleged to constitute contributory negligence in ' that: "(1) The plaintiff walked in a dark place, at which she was not accustomed, and hence was guilty of contributory negligence; (2) The plaintiff, in walking upon the grass near the curb without using ordinary care for her own safety, was guilty of contributory negligence."

Of course, if defects in form or substance of an adversary pleading are not challenged before the time special issues are submitted to the jury in a jury case they are waived. In such a case, amendment of such pleadings to cure defects are not necessary in any event, though they may, in the discretion of the court, be allowed even after the verdict but before the time of judgment. The same thing would be true if the amendment merely places in the written record issues not previously raised by the pleadings, but in fact tried by express or implied consent. McDonald, Texas Civil Practice, p. 738, "Supplemental and Amended Pleadings," sec. 8.08, "—C. Expiration of Time to Amend," and p. 737, sec. 8.07, "—B. Trial Amendment." But in the instant case the defect in form, at least, of the material part of the city's pleading was not waived, the issues submitted to the jury could not be said to have been tried by any express or implied consent of the parties, and therefore the trial amendment should not have been received or considered. The matter of proper lookout, which probably was sufficiently plead, is not here involved in our consideration, for no issue thereon was submitted. The trial amendment having been allowed too late in any event, its admission did not operate to eliminate the plaintiff's ground of objection which theretofore was valid and subsisting.

Being of the opinion that the trial amendment was improper and should not have been allowed, we advert to the special exception filed to paragraph 2 of the city's answer, as said answer obtains other than as to the matter of proper lookout. Issues of form are of course raised by special exceptions which point out formal defects complained of as to allegations of the opposite party. Townes' Texas Pleading, Second Edition, p. 380. Special exceptions, in addition to their application to the opponent's pleading as to substance, suggest that said pleadings are not legally sufficient to entitle the party to the action asked of the court because of their form. Townes' Texas Pleading, Second Edition, p. 531. The applicable Rule is Texas Rules of Civil Procedure, rule 91, which reads: "A special exception shall not only point out the particular pleading excepted to, but it shall also point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegations in the pleading excepted to." It is a proper function of special exceptions to require the party whose pleading is so attacked to furnish a better and more complete statement of the matters upon which such party relies for the relief sought, and we believe the special exception in the instant case did effectively point out the fact that the city's pleading failed to put the plaintiff on notice as to just what action or omission on the part of the plaintiff was asserted to constitute contributory negligence and a proximate cause of plaintiff's injuries. 8 Tex.Jur. Ten-Year Supp., p. 230, "Pleading", sec. 165, "Objections Which May Be Raised." We further believe that the errors complained of by plaintiff, as occurring in natural consequence of the trial court's failure to sustain her special exception, amount in this instance to reversible error.

■ Ordinarily, the office of special exception is used by a defendant in the attack upon the allegation of the cause of action by a plaintiff, and in such cases it is said that in a proper test the petition of the plaintiff should be found to be so certain and specific that, conceding that the facts therein have been truly stated, the court can render judgment upon it. It is also said that the exception goes to the very basis of the plaintiff's suit, in showing that he alleged no cause of action, or, alternatively, that he alleged no basis of a ground of recovery which is a part of his cause of action, or in any event that his allegations are inadequate or insufficient in form, in which final event the special exception brings into existence the complainant's right to compel his adversary to allege facts in his pleading upon which it is sought to ground an element of recovery. See Townes' Texas Pleading, Second Edition, pp. 381 and 382. Here plaintiff's right to require a repleading of the defendant's affirmative defense existed perforce her urging of special exception. The order overruling such exception operated to deny her such right.

■ Though we have agreed with the plaintiff that error occurred which amounted to prejudicial error and by reason of which she has shown herself entitled to another trial, we have disagreed with her contention that the defensive issues answered against her should be disregarded and force and effect given only to those answers which, but for the defensive issues, would have supported a judgment in her favor. Had the trial court sustained plaintiff's special exception, there is little doubt that the city would have repleaded its affirmative defense of contributory negligence, and the evidence might have supported defensive issues under its allegations. Though we might write critically upon the form of the defensive special issues which were submitted during the course of the trial already held and upon the definitions and instructions relative thereto, there was evidence upon which

like issues, if raised by pleading, might have been properly submitted. The presence of such evidence forecloses any right which might have otherwise appeared entitling the plaintiff to have the issues which were submitted disregarded and a judgment entered by this court in her behalf. Agnew v. Coleman County Electric Cooperative, 1954, 153 Tex. 587, 272 S.W.2d 877.

In the defendant city's counterpoints there is no contention that plaintiff failed to make out a prima facie case other than by reason of the fact that she failed to show that the city had notice of the defect of which plaintiff complained. It is to be noted that in this case there is indeed no showing of actual notice of the defect to the city prior to the time plaintiff sustained her injuries. On the theory of implied notice, however, there is evidence which is directed to the showing that the city should, in the exercise of ordinary care, have discovered and corrected the condition of defect, and the plaintiff's special issues were raised by such evidence.

■ This is not a case where the city had by any charter or ordinance provided against liability in instances where there was a want of actual notice of the defect which resulted in the injuries complained of. City of Dallas v. Shows, Tex.Com. App., 1919, 212 S.W. 633; Lee v. City of Dallas, Tex.Civ.App., Waco, 1924, 267 S. W. 1014, 1015, and cases cited; 30–B Tex. Jur., pp. 18, 20, "Municipal Corporations", sec. 643, "Notice of Defect or Injury— Streets, Sidewalks, or Public Ways", and sec. 644, "Particular Charter Provisions— Validity". It is to be understood that this case is not an instance where the condition of defect is one affirmatively created or maintained by the city. Rather, as already stated, it is a case where the complaint made of the city is its negligent failure to maintain its street premises in a safe condition, coupled with the contention that it should, in the exercise of ordinary care and prudence, have known of and remedied the

**496** 

defect existent upon its property prior to the time of the injury.

There having been nothing shown in the case which was operative to limit the ordinary obligation of a municipality, we are of the opinion that the plaintiff made out a prima facie case of liability.

Because of the initial error in the trial court's failure to sustain the special exception filed by the plaintiff to the affirmative allegations in the pleadings of the city, and because of the subsequent errors which flowed therefrom as natural consequence thereof, it is ordered that the judgment rendered below be reversed and the cause remanded for another trial.