**C. E. TEAGUE, Appellant,**

v.

**David E. WASHBURN, Appellee.**

No. 3795.

Court of Civil Appeals of Texas.

Eastland.

May 17, 1963.

Rehearing Denied June 7, 1963.

Henderson & Bryant, Sherman, for appellant.

Rogers & Rogers, Sherman, for appellee.

GRISSOM, Chief Justice.

David E. Washburn sued C. E. Teague and others to recover for personal injuries and property damages caused by an automobile-truck collision. A jury found that C. E. Teague was guilty of various acts of negligence which proximately caused the collision and that Washburn was not negligent. The court rendered judgment for Washburn against C. E. Teague for $11,-675.45. C. E. Teague has appealed.

Appellant's points are that (1) the court erred in refusing to instruct the jury in connection with the damage issue that Washburn's preexisting congenital condition could not be considered, except as it might have been aggravated by the collision; (2) that the court erred in submission of the damage issue in not restricting the jury's consideration to damages resulting from appellant's negligence and (3) that the court erred in refusing to grant a new trial because appellee's attorney advised the jury, after it had returned the verdict, that appellant's insurance company would have a representative approach them to learn the nature of their deliberations and that, if they wanted to keep their deliberations secret, they could refuse to talk to him.

Relative to appellant's first point, that the court erred in not instructing the jury in connection with the damage issue that the preexisting congenital condition of Washburn's neck and low back could not be considered in determining damages, except as it might have been aggravated by the injury, issue 50 inquired what amount of money would compensate Washburn for the injuries sustained at the time and place and on the occasion made the basis of the suit. The jury was instructed in detail what they might consider in determining Washburn's damages. Appellant objected because it failed to instruct the jury not to consider such preexisting conditions except as aggravated. The objection was overruled. It was undisputed that prior to his injury Washburn had congenital abnormalities in his neck and low back. Said conditions were closely related to his complaints upon the trial. Appellee's recovery must be based upon the testimony of appellee and his doctor as to the condition of Washburn's neck and low back after the collision. The medical witnesses for both parties admitted the existence of an excessive curve in Washburn's low back. Appellant's doctor was of the opinion that this condition was congenital, that he was born that way. Appellant's doctor testified that in his opinion it was not affected by his injury. Appellee's doctor had the opposite opinion. Appellee's doctor testified that, in his opinion, as a result of the collision, Washburn had "lots of muscle spasm", small tears of the muscle and ligaments that help support his neck, and a severe strain of similar parts in his low back; that such conditions were probably caused by the wreck and that muscle spasm in the low back increased its congenital curvature. He testified that he examined Mr. Washburn shortly before the trial and that the objective symptoms he found at that time were primarily limitation of motion of the neck and "increased" curvature of the low back. There was testimony that prior to his injury Washburn was a healthy man, able to do hard work as a carpenter without pain and that he could not now do so thereafter. Under such condition of the record, Washburn's counsel asked a medical witness hypothetical questions inquiring in substance whether, assuming that some of Washburn's trouble was caused by a congenital abnormality and that prior to his injury he was able to do hard manual labor as a carpenter with-

out pain in his back and neck and without limitations that are presently caused by that condition, it was reasonably probable that Washburn's congenital condition was aggravated by the injury. Said doctor testified that, so assuming his answer was "Yes." He further testified that he knew that some of the larger industrial companies would not hire a man with Washburn's congenital conditions. Doctors for both appellant and appellee testified to the congenital abnormality of appellee's low back. In response to hypothetical questions appellee's doctor testified, in effect, that it was reasonably probable that such congenital conditions were aggravated by his injury in the collision. Under these conditions, we are forced to the conclusion that the court erred in refusing to instruct the jury as requested and that such error probably caused rendition of an improper judgment. In Dallas Railway & Terminal Company v. Ector (Com.), 131 Tex. 505, 116 S.W.2d 683, 685, Judge Hickman in an opinion adopted by the Supreme Court said:

"It has long been a settled rule in this state that, where a plaintiff in a personal injury suit is suffering from an infirmity not caused by the accident which is the basis of the suit, and where the injuries flowing from the prior existing infirmity and those flowing from the negligence of the defendant are closely connected and intermingled to the extent that the jury might become confused and allow for improper elements of damages, the trial court should affirmatively charge the jury that plaintiff is entitled to recover only to the extent that his injuries were aggravated by the defendant's negligence."

See also Agnew v. Coleman County Electric Cooperative (Sup.Ct.), 153 Tex. 587, 272 S.W.2d 877, 881; Texas Coca-Cola Bottling Company v. Lovejoy, Tex.Civ. App., 138 S.W.2d 254, 262 (Writ Ref.); Western Cotton Oil Company v. Mayes, Tex.Civ.App., 245 S.W.2d 280; Eubanks v. Colbert, Tex.Civ.App., 327 S.W.2d 457.

Appellee says that said objection to the damage issue failed to point out distinctly the matter to which it refers, citing City of Houston v. Priester, Tex.Civ.App., 302 S.W.2d 948. While the exception could have been in greater detail, under the situation shown it is evident the court must have understood the matter to which the objection referred, that is, that the court had failed to instruct the jury that in assessing damages it could not consider Washburn's congenital abnormality, except as it might have been aggravated by the collision. Appellee cites Yellow Cab and Baggage Company v. Green (Sup.Ct.) 154 Tex. 330, 277 S.W.2d 92, in support of its contention that it was not necessary to so instruct the jury. In that case the damage issue, taken with the explanatory instructions, did affirmatively instruct the jury not to allow any damages for pain, suffering or loss of earnings not proximately caused by defendant's negligence. There was no similar instruction here.

Under appellant's second point it is contended the court erred in submission of the damage issue in not restricting the jury's consideration to the elements of damage caused by appellant's negligence. Upon another trial the court should do so. Reversible error is not shown, as contended in appellant's third point, by appellee's attorney advising the jury, after it had returned its verdict, that appellant's insurance company would have a representative contact them to learn the nature of their deliberations and that they could keep their deliberations secret by refusing to talk to him. In the absence of evidence that the jurors refused to tell appellant about something pertinent to his motion for new trial harm is not shown.

The judgment is reversed and the cause is remanded.