**Wesley D. WALKER et ux., Appellants,**

**v.**

**MISSOURI PACIFIC RAILROAD COMPANY, Appellee.**

**No. 1.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Feb. 14, 1968.

Rehearing Denied March 13, 1968.

John H. Holloway, Bill Howell, Houston, for appellants.

L. S. Carsey, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, for appellee.

BARRON, Justice.

This is a damage suit resulting from a rear-end collision. Appellants, Wesley D. Walker and wife, Marilyn Walker, sued Missouri Pacific Railroad Company for damages sustained in an automobile accident on January 31, 1964. Appellants were stopped for a left turn at Almeda and Mowery Streets in Houston, Texas, when a 1960 Chevrolet station wagon struck them hard from the rear. The vehicle of defendant, Missouri Pacific Railroad Company, was being operated at the time by James Douglas Hope, an employee of the appellee, who was at the time within the scope of his employment by the railroad.

The jury found that Hope failed to keep a proper lookout for traffic in front of him and found that he was driving his car at a rate of speed in excess of that at which a car would have been operated by a reasonably prudent person in the exercise of ordinary care under the same or similar circumstances. The jury found that each act was a proximate cause of the accident and assessed damages at $3,000.00 in favor of Mrs. Walker and $800.00 in favor of Mr. Walker. On the verdict of the jury, the trial court rendered judgment for appellants in the amount of $3,800.00. From the judgment below, Mr. and Mrs. Walker have properly perfected an appeal, attacking the judgment of the trial court on essentially four points of error, all of which were properly preserved.

■ The first point complains that the trial court erred and abused its discretion in admitting in evidence a letter signed by plaintiffs' attorney to Dr. Bruce Cameron, acknowledging that the attorney would be responsible for medical expenses furnished to plaintiffs. The objection is that the jury was improperly prejudiced by receiving testimony that the doctor's bill would be guar-

anteed by the attorney and that the admission of the letter violates the purpose and intent of the collateral source rule. It is generally true that evidence of receipt of payments from another source, such as insurance or other compensation, is inadmissible, and that such payments cannot inure to the benefit of the tortfeasor and may be considered neither as a defense nor in mitigation of damages in favor of the wrongdoer. Kainer v. Walker, 377 S.W.2d 613, 617 (Tex.Sup.); see City of Fort Worth v. Barlow, 313 S.W.2d 906 (Tex.Civ. App.), writ ref., n. r. e.; 17 Tex.Jur.2d 102. But here there was no collateral payment. Appellants' attorney guaranteed payment of the bill, which was shown to be for medical services to be rendered to appellants. Dr. Cameron was placed on the witness stand by appellants. On cross examination of an adverse witness, anything may be shown which might affect the witness' credibility, such as bias, interest and prejudice, and a wide latitude is allowed in such matters. Traders & General Ins. Co. v. Robinson, 222 S.W.2d 266, 269 (Tex.Civ.App.), writ ref.; McCormick and Ray, Texas Law of Evidence, Sec. 676, p. 517. We see no reason why a jury should be prejudiced or damages affected by the above evidence. Moreover, the record fails to show any objection by appellants to the admission of the letter for the limited purpose for which it was received—to show how Mrs. Walker first came to Dr. Cameron to be examined and treated. The trial court so limited the testimony by instruction. There is no reversible error. Rule 434. We overrule appellants' contention.

■ Appellant complains that the trial court erred in giving the following instruction in connection with special issue number 11, the damage issue pertaining to Mrs. Walker:

"In connection with this Special Issue you are instructed that you will not consider as an element of damages, nor allow anything for, any physical pain or mental anguish, *if any,* or loss of earnings or loss

of earning capacity, *if any*, or medical expenses, *if any*, or reduced capacity to perform the work of a housewife in and about the home, *if any*, because of any condition or disability which was not proximately caused by the collision made the basis of this suit, except insofar as such condition or disability may have been or may in the future in reasonable probability be aggravated by such collision." (Emphasis added)

Appellants contend that the instruction was a comment by the trial court that Mrs. Walker suffered from some condition or disability before and after the collision which was not associated with the injuries sustained in the collision by refusing the insert "if any" after "because of any condition" and after "disability" in the above charge. It is further contended that there is no evidence that Mrs. Walker suffered from any previous condition which contributed to her disability from the accident and that there were no pleadings or proof to warrant such charge.

There is ample evidence in this record to show that Mrs. Walker had other aches, complaints and injuries. She complained of pain over the right hip, and there is evidence to show no connection between this injury and the automobile accident. She was nervous and a psychiatrist was recommended. She had personal problems which lead to additional tenseness and nervousness in the musculature of the neck. She had headaches which were unrelated to the accident. She fell and struck her head and knocked herself out, and she had a bruised arm which was unrelated to the accident. Dr. Cameron referred to Mrs. Walker as a "chronic complainer" and stated that she had been hurt about three times during the course of his observations. It will be noted that the instruction does not refer to pre-existing injury or condition, but it does refer to extraneous complaints and injuries not proximately caused by the collision. We believe that it would have been error for the trial court to have refused to give the instruction in view of the existing infirmi-

ties of appellant as testified to by her doctor. The various injuries were so intermingled and closely connected that the jury might have been confused and allowed for improper elements of damages in the absence of the limiting instruction. Dallas Railway & Terminal Co. v. Ector, 131 Tex. 505, 116 S.W.2d 683 (Tex.Com.App.), opinion adopted; Teague v. Washburn, 368 S.W.2d 229 (Tex.Civ.App.), writ ref., n. r. e. The trial court made the instruction contingent or conditional by the use of four "if anys" in its instruction, and we can perceive no error or adverse assumption which should have injured the appellant's rights by the giving of the instruction. The extraneous conditions and disabilities were clearly in evidence and testified to by Dr. Cameron, appellant's physician. The portion of the instruction on aggravation was favorable to appellants. The point of error is overruled.

Appellants' next points of error deal with the alleged inadequacy of damages found by the jury. Complaint is made that $3,000.00 for Mrs. Walker and $800.00 for Mr. Walker are inadequate and so manifestly unjust and against the great weight and overwhelming preponderance of the evidence as to require a reversal of the judgment below. While the evidence is sufficient to warrant a finding of damages at a much greater sum than the jury was willing to assess, we must view the evidence in this case in the light most favorable to the appellee and indulge every legitimate conclusion favorable to appellee which might have been drawn from the facts proved. Olds v. Traylor, 180 S.W.2d 511 (Tex.Civ.App.), writ ref. An appellate court will reverse the judgment of the trial court only if the award falls below a rational appraisal or estimate. See 17 Tex. Jur.2d 480, 481. Dr. Dawson, appellants' witness, testified that Mrs. Walker had suffered a posterior cervical strain, and that usually recovery is made within about three months. On April 16, 1964, Dr. Dawson examined her and all he could find was a retroverted uterus and he found that her injuries had generally healed by that time.

Dr. Bruce Cameron first examined her on June 15, 1964, a month after she had resigned from her position with Prudential Insurance Company, giving her reasons as lack of advancement possibilities and that her future was limited. Dr. Cameron stated that Mrs. Walker was having no real severe pain, and that she described her difficulty as a discomfort; that she improved, "then she would have some things happen to her and then she would get worse, and then she would get better; something would happen and she would get worse. And she has just been a chronic complainer, not bad, for a year and a half or going on two years, and I just told her finally, to really get her over the hump, that we had better go ahead and stabilize her, but just exactly what's doing it all I can't be pinned down." Dr. Cameron further testified that small things would hurt her and that she had been hurt about three times during the course of his observations; that she just seems to keep getting her neck hurt.

There was conflicting evidence as to the nature and extent of the injuries sustained by appellants and as to the necessity for all of the medical treatment rendered in the past and claimed to be needed in the future. Not only was the amount of pain and disability suffered by Mr. and Mrs. Walker a disputed issue, but whether any disability and pain which Mrs. Walker had was the result of injuries sustained in the collision were in question. The record shows that Mrs. Walker had other injuries and personal problems unrelated to the collision and that she did not have continuous difficulty.

The jury's award of $800.00 to Wesley Walker was supported by the evidence and was not clearly inadequate. He testified that he went back to work a short time after the accident, and the most that Dr. Cameron could find were minimal sprains.

The extent of the injuries suffered by Mr. and Mrs. Walker as a result of the accident, including the amount of the doctor's and medical expense involved, were exclusively within the province of the jury, and we cannot properly disturb the awards under the evidence in the record. We would not be justified in disturbing the jury's findings when legitimate inferences from the testimony support them. Marange v. Lew Williams Chevrolet, Inc., 371 S.W.2d 900, 904 (Tex.Civ.App.), writ ref., n. r. e.; Henwood v. Moore, 203 S.W.2d 973, 976 (Tex. Civ.App.), no writ history.

Finally, complaint is made that the court erred and abused its discretion in refusing to hear evidence of jury misconduct. Appellants' motion was supported by affidavit of their attorney that he had used diligence to secure affidavits from jurors, but that he was unsuccessful. Claim was made generally that the jury was guilty of misconduct in assessing damages. The trial court refused to hear evidence thereon. We regard the exception as properly taken and included in the record. No juror was subpoenaed by appellants for hearing on the amended motion for new trial, and neither the written nor oral testimony of any juror was tendered by appellants at the hearing. The Supreme Court of Texas has held that the affidavit showing jury misconduct should be attached to the motion for new trial, or the motion should disclose a reasonable explanation or excuse for the failure to have such affidavit so exhibited. If the above is not complied with, a refusal to hear testimony from the jurors on the motion is a matter within the sound discretion of the trial judge. Roy Jones Lumber Co. v. Murphy, 139 Tex. 478, 163 S.W.2d 644 (Com.App.), opinion adopted. Specific allegations of misconduct showing harm must also be made. Smith v. Houston Transit Co., 215 S.W.2d 187 (Tex.Civ.App.), writ ref., n. r. e. The sworn statement of appellants' attorney did state that due diligence to secure affidavits of jurors had been made, and that he had reason to believe that the jury did not adequately compensate them based on each item submitted, and that the jury failed to consider each item of damage in their deliberations for reasons unsupported by the

record. But no specific misconduct was either alleged or shown, and such general allegations, apparently based upon hearsay or suspicion, are inadequate. See Weingarten, Inc. v. Azios, 384 S.W.2d 160 (Tex.Civ. App.), writ ref., n. r. e. Moreover, Rule 226a, effective January 1, 1967, requires an instruction by the trial court to the jury to the effect that each juror is free to discuss or not to discuss matters of jury misconduct, and to give or not to give an affidavit relative thereto. The jury was not required to give any information whatsoever, and the fact that appellants' attorney was unable to obtain it, is insufficient to show error or an abuse of discretion by the trial court in refusing to hear testimony. Rule 226a, Sec. IV, T.R.C.P. The contention is overruled.

We find no reversible error, and the judgment of the trial court is affirmed.