## SWEARINGEN v. BRAY.

(Court of Civil Appeals of Texas. Amarillo.
Feb. 19, 1913. Rehearing Denied
June 7, 1913.)

1. APPEAL AND ERROR (§ 664*)—STATEMENTS OF FACT—CONFLICT WITH BILL OF EXCEPTIONS.

Where a bill of exceptions is contradicted by the statement of facts, the latter will prevail.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2856–2859; Dec. Dig. § 664.*]

2. EVIDENCE (§ 119*) — RES GESTÆ — WHAT CONSTITUTES.

In an action by a husband for criminal conversation, where it was brought out by the defendant on cross-examination that the husband signed a statement that the parties had not had intercourse to exonerate defendant and his wife from criminal charges preferred against them by him, evidence that the husband was told by a third person that God would look down with approval on a man who would swear to a lie to protect his wife and children, under the influence of which the husband signed the false statement, is admissible as part of the res gestæ.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 303–306; Dec. Dig. § 119.*]

3. NEW TRIAL (§ 102*)—NEWLY DISCOVERED EVIDENCE—DILIGENCE.

In an action for criminal conversation, a new trial cannot be allowed on the ground of newly discovered evidence that plaintiff and his wife had resumed their marital relations, where it appeared that defendant's counsel knew where plaintiff resided and that defendant himself had heard that the parties had resumed their relations as husband and wife.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 207, 210–214; Dec. Dig. § 102.*]

4. TRIAL (§ 252*)—INSTRUCTIONS — APPLICABILITY TO EVIDENCE.

In an action for criminal conversation, where there was no evidence that plaintiff and his wife had resumed their marital relations, an instruction that condonation was a defense was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

5. HUSBAND AND WIFE (§ 342*)—CRIMINAL CONVERSATION—DEFENSES.

That a wronged husband has condoned his wife's fault and that they have resumed their marital relations is no defense to an action for criminal conversation.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1129; Dec. Dig. § 342.*]

6. APPEAL AND ERROR (§ 757*)—ASSIGNMENTS —SUFFICIENCY.

An assignment of error, complaining that one part of the charge was in conflict with another part, is insufficient, where the brief fails to specify and set out the particular parts of the charge with which the one complained of was in conflict.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3092; Dec. Dig. § 757.*]

7. APPEAL AND ERROR (§ 1066*)—REVIEW—HARMLESS ERROR.

In an action for criminal conversation, where there was no evidence of the wife's lewdness before her liaison with defendant, the giving of an instruction that previous lewdness would not entirely defeat plaintiff in his right to recovery, but would reduce damages, was not prejudicial to defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220; Dec. Dig. § 1066.*]

Appeal from District Court, Collingsworth County ; D. E. Decker, Judge.

Action by B. T. Bray against J. W. Swearingen. From a judgment for plaintiff, defendant appeals. Affirmed.

R. E. Taylor, of Henrietta, and J. L. Lackey, of Wellington, for appellant. R. H. Templeton, of Wellington, and Barrett & Jones, of Amarillo, for appellee.

HALL, J. Appellee filed this suit in the district court of Collingsworth county for damages, based upon adulterous relations between appellant and appellee's wife. The record shows that appellee and wife were married in 1883 ; that they cohabited and lived happily together until about two years before the filing of this suit; that as a result of their marital relations they became the parents of eight children.

The alleged criminal conduct during two years has been abundantly shown by both direct and circumstantial evidence. Appellee testified that he caught them in the act more than once. The appellant did not testify, although he was living and present at the trial, and the record shows that he was still living when his supersedeas bond was executed and filed. The fact shows that appellee had rather be plaintiff on the civil docket, submitting his casus belli to the rules governing there, with the appellant attending the trial, than be defendant on the criminal docket with an empty shotgun present in lieu of appellant, and be tried according to the "unwritten law." In the light of this record his decision speaks volumes for his forbearance. He has selected the route fraught with the least expense and notoriety, but having a verdict for $1,500 at the end—showing good business judgment. However, reference to the Civil Reports of this state shows it to be a path seldom traveled by wronged husbands.

Appellant pleaded by way of special defenses condonation, and limitation of two years ; both being pleas of confession and avoidance. The evidence discloses a deliberate, treacherous, and persistent course of conduct on the part of appellant in debauching the wife of the appellee. That she was weak cannot be denied, but this fact only magnifies appellant's infamy. Nor does the pusillanimity of appellee mitigate the degree of appellant's baseness. Appellee's home, with its contentment and happiness, has been destroyed, his wife defiled and made an outcast, his children disgraced and scattered over the world, and all that any husband and father holds dear and sacred is thrown at his feet reeking with filth and slime, by the shameless perfidy and lechery of appellant, whose pleadings

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

and silence at the trial may be taken as a confession of his guilt.

We will not set out the disgusting details of the facts here, but to summarize they show that appellant invaded the appellee's home, induced his wife to drink with him, made her little girls bearers of his secret letters to her, furnished her expense money to leave home, and followed her or went with her to other towns, and, in short, that he dethroned the chastity of a wife, profaned the sacredness of motherhood, destroyed the virtue of a home, and defiled the holiness of a marriage bed. He now brings his case here assigning four errors committed by the trial court against him.

[1, 2] The first error assigned is that the court permitted over the objections of the defendant the appellee to testify as follows: "Squire Walker told me that God would look down with approval upon a man that would swear a lie to protect his wife and children; that is the reason why I signed this statement." The objections registered against this testimony are that it is hearsay, a conversation had and statement made in the absence of the defendant, irrelevant and immaterial, and was the conclusion of the plaintiff and prejudicial to the rights of the defendant. Appellee's brief asserts that the bill of exceptions upon which this assignment is based is not borne out by, but is contradicted by, the record, and reference to the statement of facts sustains appellee's contention. The evidence was not offered in the form that the bill states, but was offered in rebuttal of evidence brought out by the defendant on cross-examination, and the rule is that, where a bill of exceptions contradicts the statement of facts, the latter will prevail. Eastern Railway of N. M. v. Montgomery, 139 S. W. 885; Railway Co. v. O'Donnell, 90 S. W. 886. It appears that this statement by the appellee was made in explanation of his action in signing a written statement which had been brought to him by friends of appellant Swearingen, the effect of which written statement was to exonerate Swearingen and his wife from the criminal charges which appellee had previously made against them. It appears that he hesitated some time after the written statement was presented to him before signing it, and while hesitating the statement quoted from Squire Walker, he says, was made. The statement was clearly res gestæ and was admissible in explanation of why he signed a written declaration which he knew to be false.

[3] By his second assignment of error appellant contends that the court should have granted him a new trial and erred in overruling his motion based upon newly discovered evidence. It is clear from the record that no diligence was shown by appellant in attempting to discover the alleged new evidence, if as a matter of fact it was unknown to him at the time of the trial; but we think

the record affirmatively shows that appellant knew as much concerning the matters he claimed to have discovered, long before the trial, as he alleges he learned immediately thereafter. The original petition was filed in September, 1910, and this trial was in November, 1912. The evidence taken shows that defendant's attorney knew where plaintiff resided long before the trial, and that interrogatories had been sent to him at Sunset a year prior to the trial. Appellant, himself, testifying for the first time upon the hearing of the motion for a new trial, said that he had heard that plaintiff and his wife were living together prior to the trial, and also admitted that he had made the statement prior to the trial that the plaintiff and his wife were living together near Sunset, Tex. It was also shown by the witnesses Walker and Pritchard that long prior to the trial Swearingen had told these witnesses that he knew plaintiff and his wife were living together, and that he would prove it at the proper time, or that it would come out finally.

[4, 5] There is a dearth of decisions in this state upon cases growing out of criminal conversation, and we are not able to find any authorities in the reports of Texas upon the question; but, according to the weight of authorities in other states, condonation is not a defense. 21 Cyc. 1627 C (2), and authorities there cited. The court did not err in overruling the motion for a new trial.

The following special charge was requested by the defendant: "Gentlemen of the Jury: In this case you are told that if you find and believe from the evidence that the plaintiff's wife did leave him, but afterwards returned to him, and they are now living as husband and wife, and that plaintiff's wife is discharging her duty as his wife and has so discharged her duty as his wife since her return to him, and that she respects and loves her husband as she did before she left him, then you will return your verdict for defendant." This is clearly not the law. There is no evidence upon which to base such a charge. As a matter of law according to the weight of authority in other jurisdictions, if the plaintiff and his wife had been reunited, or even if they had continued to live together and had never separated, still this would not be a defense to plaintiff's cause of action. We think the court's charge is as favorable to appellant upon this issue as he had a right to demand. 21 Cyc. pp. 1617, 1622, 1626, 1627; Adams v. Main, 3 Ind. App. 232, 29 N. E. 792, 50 Am. St. Rep. 266.

[6, 7] The fourth assignment of error is that the court erred in the third paragraph of his main charge to the jury as follows: "But you are instructed that, however lewd a wife may have been, or however willing she may have entered into the act of sexual intercourse with the defendant, it will not justify the defendant in having such inter-

course and will not entirely defeat the plaintiff in his right to recovery, if you find he is otherwise entitled to recover damages in this case." The objection urged to this paragraph of the charge is that it is in conflict with part of paragraph 2 and part of paragraph 3 of the court's main charge. Appellant has failed, however, in his brief to specify and set out the particular parts' of paragraphs 2 and 3 which he claims are in conflict with the portion of the third paragraph given, and for this reason his assignment fails to point out any error. We have, however, reviewed the charge of the court, and we find it as favorable to appellant as the facts justify, and find the charge quoted above, if defective, is strongly in his favor. We have not found a line of testimony in this record indicating any lewdness on the part of Mrs. Bray prior to the time she was marked as his prey by appellant. On the contrary, the record shows that she was a model wife and mother, devoting her life to the happiness of her husband, her home, and her children.

We have found no reversible error in the record, and the facts would justify a verdict many times as great as the one rendered.

The judgment is affirmed.