J. E. SEXTON, Appellant,

v.

I. W. KIRK, Appellee.

No. 3216.

Court of Civil Appeals of Texas.

Waco.

Nov. 24, 1954.

Gordon R. Wellborn, Rex Houston, Henderson, for appellant.

James E. Ferguson, Mahanay & James, Cleburne, for appellee.

TIREY, Justice.

This is an appeal from an order overruling appellant's plea of privilege to be sued in Rusk County, the county of his residence. The judgment is assailed on five points. They are substantially: (1), (2), (3) and (4) failure of the court to sustain Special Exceptions 1, 3, 4 and 5 contained in his first supplemental original plea of privilege; and (5) because appellee failed to establish by adequate pleadings and evidence that venue was maintainable in Johnson County. There was no request for findings of fact and conclusions of law and none filed.

Appellee's Counter Points are substantially to the effect that plaintiff's pleadings tendered the issue of trespass and the evidence supported the court's implied finding that a trespass was committed against appellee in Johnson County, and that no fraud was shown.

The pleadings do not yield to a simple statement. Plaintiffs in their original petition alleged that they and defendant were resident citizens of Johnson County, Texas; that plaintiffs were the owners and operators of a medical hospital and convalescent home in Cleburne; that defendant was a patient in plaintiffs' hospital on or about May 1, 1954, and as such patient received medical care and treatment and by virtue thereof became indebted to plaintiffs for their services; that on May 1, 1954 defendant executed a check drawn on the Cle-

burne National Bank, payable to the order of the Cleburne Hospital in the sum of $100,000, which defendant duly signed and had marked thereon "Donation"; that defendant delivered said check to plaintiffs and that plaintiffs thereafter presented such check to the bank upon which it was drawn, and that the bank for reasons unknown to them refused payment; they attached verified exhibit to their original petition which set out the check and the amount thereof and made it a part of their original petition. They asked for judgment for the face amount of the check and for general relief.

Plaintiffs' original petition was filed on May 29, 1954; on June 12th defendant filed his plea of privilege; on June 21st the plaintiff filed his first amended original petition, and in this amended pleading his wife was dropped as a plaintiff. The first four paragraphs of this amended pleading contain substantially the allegations in the original petition, and copied into the petition is Exhibit A, which is a copy of the check drawn and executed by appellant. This exhibit is duly verified.

We now quote substantially paragraphs IV, V and VI, which are contained in the amended pleading but not in the original pleading:

"IV.

"Plaintiff would show to the court that consideration for the issuance of the check in question was the plaintiff's and plaintiff's wife's promise to render hospital services and medicines to defendant J. E. Sexton, for the rest of his life at any time, he, the said J. E. Sexton deemed them necessary. Hospital services had been rendered and medicines administered to the defendant J. E. Sexton, for which no payment had been made, but for which he, the said J. E. Sexton, did on May 1, 1954 owe. Wherefore, * * * plaintiff prays that defendant be cited to answer this petition, and upon final hearing herein, plaintiff be granted judgment against the said defendant for the face amount of said check, being $100;-

000.00, and for costs of suit and further relief.

"V.

"Plaintiff would show to the court that prior to the appearance of defendant, J. E. Sexton, in the life of his wife, Mrs. Agnes Kirk, was a model wife and mother, devoting her life to the happiness and welfare of her husband, her home, and her children. On or about the fourth day of May, 1954, defendant, J. E. Sexton, was a patient in the Cleburne Hospital in Cleburne, Johnson County, Texas, which was run by Mr. and Mrs. I. W. Kirk, and in the evening of that fateful day, he, the said J. E. Sexton, called Mrs. Agnes Kirk to his private room where he proceeded, in pursuance of his deliberate, treacherous and insidious plan to debauch, rape and have carnal knowledge of and sexual intercourse with the said Mrs. Agnes Kirk. Plaintiff will show that the defendant has invaded his home, and by the use of force, demands, and coercion has dethroned the chastity of his wife, profaned the sacredness of motherhood, destroyed the virtue of a home, and defiled the holiness of a marriage bed.

"VI.

"Plaintiff I. W. Kirk has suffered untold humiliation, shame and disgrace. His home, with its contentment and happiness, has been destroyed, his wife defiled and made an outcast, his children disgraced, and all that any husband and father holds dear and sacred is thrown at his feet reeking with filth and slime, by the shameless perfidy and lechery of the said J. E. Sexton, to his, the said I. W. Kirk's damage in the amount of One Hundred Thousand and No/100 ($100,000.00) Dollars."

The prayer is for the $100,000 and general relief as prayed for in the original pleading.

Plaintiff's controverting plea was filed on the 21st of June, 1954, and to which he attached a copy of his first amended original

petition and made it a part of the same. Pertinent to this discussion he alleged that defendant committed a crime and trespass in Johnson County within the meaning of exception 9 to Art. 1995, Vernon's Ann.Civ. Stats., in that he assaulted Mrs. Agnes Kirk and proceeded to ravish her. Appellee relies solely on trespass to sustain venue.

Thereafter, on the 6th day of July, appellant filed what he called his first supplemental original plea of privilege, in which plea he set out certain special exceptions that challenged the 5th and 6th paragraphs in plaintiff's amended pleading and charged that the paragraphs were inserted in the amended pleading solely for the purpose of attempting to maintain venue in Johnson County, and further averred in effect that plaintiff's action in so doing was an attempt to plead fraudulently in order that plaintiff could maintain venue in Johnson County. We overrule these contentions.

■■ There is no exception lodged to appellee's pleading to the effect that it alleges two separate causes of action, one for debt, the other for trespass, and that these separate actions are not pleaded in the alternative. In the absence of special exception, it is our duty to construe liberally the pleading in the pleader's favor and to support the judgment. See Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513, pts. 1 and 2, page 515, 141 A.L.R. 50 (Tex.Com. App., opinion adopted), and authorities there cited,

■ Plaintiff's wife testified to facts and circumstances surrounding the execution and delivery of the $100,000 check to her, which was payable to the Cleburne Hospital and the presentation of the check to the Cleburne National Bank for payment. Among other things, she stated that defendant had assaulted her in his private room in the hospital and forced her to submit to sexual intercourse. This testimony of appellee's wife tendered the fact issue to the court as to whether the allegation of trespass was made for the purpose of perpetrating fraud upon the court and the court has resolved that issue in favor of

appellee. The trial court saw the witnesses and it was his duty to pass upon their credibility and we cannot say that the testimony of appellee is without probative force. Under such conditions we cannot substitute our findings for those of the trial court. See Burrus Mills, Inc. v. Phillips, Tex.Civ. App., 260 S.W.2d 427, point 1, and authorities there cited.

The case of Hill v. Kimball, 76 Tex. 210, 13 S.W. 59, 7 L.R.A. 618, is one of the most pointed early cases in our jurisprudence dealing specifically with venue based upon trespass. The rule there announced was explained a little more fully in Ricker v. Shoemaker, 81 Tex. 22, 16 S.W. 645. See also Chiles v. Goswick, 148 Tex. 306, 225 S.W.2d 411. The foregoing cases and authorities there cited make clear the position of our Supreme Court as to what constitutes a trespass within the venue statute. The foregoing doctrine was followed by our Amarillo Court in Swearingen v. Bray, Tex. Civ.App., 157 S.W. 953 (no writ history); by this court in Brooks v. Hornbeck, Tex. Civ.App., 274 S.W. 162 (no writ history); and Crespi v. Wigley, Tex.Civ.App., 18 S. W.2d 716 (writ dis.), points 1 and 2, and cases there cited. See also Texas & Pacific Ry. Co. v. Baker, Tex.Com.App., opinion adopted, 215 S.W. 556 and Mundy v. Pirie-Slaughter Motor Co., 146 Tex. 314, 206 S. W.2d 587. Our view is that the testimony tendered by appellee is sufficient to support the implied finding of the trial court that appellant committed a trespass against appellee in Johnson County. See also Thomas v. Meyer, Tex.Civ.App., 168 S.W.2d 681; Hawkins v. Schroeter, Tex.Civ.App., 212 S.W.2d 843; Turner v. Heavrin, 182 Ky. 65, 206 S.W. 23; 4 A.L.R. 562; 22 Amer. Jur. 137, 138.

In Tinker v. Colwell, 193 U.S. 473, 24 S.Ct. 505, 507, 48 L.Ed. 754, we find this statement of the rule: "Many of the cases hold that the essential injury to the husband consists in the defilement of the marriage bed, in the invasion of his exclusive right to marital intercourse with his wife and to beget his own children. This is a right of the highest kind, upon the thorough maintenance of which the whole social or-

der rests, and in order to the maintenance of the action it may properly be described as a property right. * * * We think it is made clear by these references to a few of the many cases on this subject that the cause of action by the husband is based upon the idea that the act of the defendant is a violation of the marital rights of the husband in the person of his wife, to the exclusion of all others, and so the act of the defendant is an injury to the person and also to the property rights of the husband."

█ It is our view that the plaintiff carried his burden showing that a trespass had been committed against him in Johnson County, and that by reason thereof the District Court of Johnson County has venue of this cause. Owing to the fact that the cause will have to be tried on its merits, we refrain from further comment.

Accordingly, the judgment of the trial court overruling appellant's plea of privilege is in all things sustained.