**YEAGER ELECTRIC & PLUMBING COMPANY, INC., Appellant,**

v.

**INGLESIDE COVE LUMBER AND BUILDERS, INC., et al., Appellees.**

**No. 970.**

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 29, 1975.

Ronald M. Yeager, Aransas Pass, for appellant.

William L. Ellis, Aransas Pass, for appellees.

## OPINION

NYE, Chief Justice.

This is a mechanic's and materialman's lien case involving a dispute between a subcontractor asserting a materialman's lien and the owner of the improved property. Yeager Electric & Plumbing Company, Inc., the subcontractor, brought suit against Mary Beth Brewster, the owner of the properties, her son, Steve Brewster, Ingleside Cove Lumber and Builders, Inc., the general contractor, and Joe Thompson on an open account and to establish and foreclose a statutory mechanic's and material-

man's lien. Joe Thompson and Ingleside Cove Lumber and Builders, Inc. failed to answer. The trial court entered an interlocutory default judgment against the contractor, Ingleside Cove Lumber and Builders, Inc., and Joe Thompson, for the amount of the open account ($2,347.50), plus $1,200.00 attorneys' fees and interest amounting to $266.44. This judgment was subsequently made final.

The court, without the aid of a jury, heard plaintiff's suit against the owner. It resulted in a judgment that plaintiff take nothing against the owner and that plaintiff's claim of lien be declared invalid. The court found that Steve Brewster had no interest in the property. Yeager, the subcontractor, has perfected its appeal to this Court. We reverse and render judgment for the subcontractor, Yeager.

The facts relating to Yeager's establishment of its mechanic's and materialman's lien are virtually undisputed. Sometime prior to May 19, 1972, Mrs. Mary Beth Brewster, the owner of certain property entered into a turn-key contract with Ingleside Cove Lumber and Builders, Inc. (hereafter referred to as Contractor), for the repair and replacement of a certain building, including the installation of a septic system and shell driveway for a two story restaurant building on Highway 35 north, Aransas Pass, Texas, then known as "Payne's Restaurant". The turn-key contract price for such work was set at $49,-000.00. On May 19, 1972, Yeager submitted a bid to the general contractor for the air conditioning, plumbing and the electrical repairs and was awarded the electrical and plumbing jobs. The total contract for both electrical and plumbing amounted to $3,176.00 of which $1,933.00 was for the plumbing portion and $1,243.00 for the electrical portion.

Yeager commenced work on the plumbing and electrical subcontract around May 20th or 21st, 1972, and worked on the building until the building was ready to "trim out," which was around July 15, 1972. On July 31, 1972, Yeager sent a statement to the contractor setting out that eighty percent (80%) of the electrical and seventy percent (70%) of the plumbing job had been completed. Yeager never received any part of the $2,347.50 due from the contractor or the owner. It then terminated its portion of the job before completion.

The funds which were to be used in paying the contract price of $49,000.00 to the contractor came from an escrow account at the First State Bank, Aransas Pass, Texas, being the proceeds of an S.B.A. loan to the owner, Mary Beth Brewster. From that account, the sum of $16,015.00 was paid on May 12, 1972, and $16,415.00 was paid to the contractor on June 23, 1972, making a total paid to the contractor of $32,430.00. After the June 23, 1972 payment, no further payments were made to the original contractor either from the escrow account or directly from the owner.

When Yeager did not receive his money from the contractor on his billing of July 31, 1972, he perfected his statutory lien against the owner. Yeager sent a notice letter by certified mail (return receipt requested) on August 3, 1972, to Mary Beth Brewster, the owner of the improved property, which was received by her on or about August 18, 1972. Included in the notice to the owner was the statement by Yeager that it, as subcontractor, was making a claim for a debt incurred by the original contractor, for the unpaid balance of $2,347.50 as a result of having furnished materials and labor on the owner's property, describing the same. The letter advised Mrs. Brewster that as owner of the property she might become personally liable and her property become subject to a lien unless such funds were withheld from the contract for payment of this statement or unless the bill was otherwise settled. Thereafter, Yeager forwarded its mechanic's and materialman's lien affidavit to the county clerk of Aransas County for filing on August 24, 1972. As required by statute, a copy of the letter of transmittal to the county clerk, together with two copies of such affidavit,

were sent by certified mail to Mrs. Brewster and were in fact received by her.

It appears from the record that the contractor abandoned the job and failed to complete the same. The balance of the work was contracted out by the owner to various other contractors and was completed by them sometime in April, 1973. They were collectively paid approximately $17,835.00. This brought the total contract price paid by the owner to $50,455.00.

Yeager then filed suit against the owner and the contractor as aforesaid alleging that the amount of $2,347.50 was due and owing for labor and materials furnished to the contractor on the owner's property giving the legal description thereof. Yeager claimed that it had a valid mechanic's and materialman's lien which was filed of record in the mechanic's and materialman's lien records of Aransas County and that its mechanic's and materialman's lien entitled it to a first and superior lien upon the real estate owned and described therein and on all the improvements, fixtures and personal property placed thereon. It sought judgment for attorneys' fees, interest, for foreclosure of its lien on the said property, and for general relief.

Appellant brings forward two points of error on appeal. It contends that the trial court erred in holding: 1) that plaintiff take nothing against the owner of the property by declaring the plaintiff's lien to be invalid, and in discharging and relinquishing the same, because its lien was properly perfected under Article 5453, Tex.Rev.Civ. Stat.Ann.; and 2) the trial court erred in holding that plaintiff take nothing against the owner, because it had also perfected its lien pursuant to Articles 5463 and 5469, which required the owner to retain funds for the benefit of Yeager.

The appellee replies to such points by stating that in order for a lien asserted under either Article 5453 or under Articles 5463 and 5469, "notice" must be specifically alleged in plaintiff's petition and later proved before either lien can be fixed and perfected; and without an allegation of notice in plaintiff's petition, a judgment fixing and foreclosing either of such liens could not be sustained. Therefore, the trial court was correct.

Appellee does not contend nor argue that Yeager has failed to secure and fix its liens on the owner's property under Article 5453 or 5463 and 5469. During oral argument, appellee candidly admitted, from a question of the court, that except for the failure of the appellant to plead that it had given the requisite statutory notice Yeager would probably be entitled to a lien and judgment. It is appellee's contention that the appellant Yeager failed to plead in his petition that the requisite statutory notice had been given to the owner. This is the specific question on this appeal.

During the course of the trial, Yeager offered the notice letters in evidence. The appellee objected on the basis "that there is no predicate in the pleadings, there is no allegations that any notice was ever given". The trial court overruled the owner's objections and admitted the letters into evidence. The subject letters gave the owner the necessary statutory notice of the filing of the mechanic's and materialman's lien. The trial court entered judgment for the appellee owner on an erroneous theory unrelated to the sole question raised by the parties in this appeal.

Appellee owner argues in effect that since the proof of notice had not been pled, it was error for the trial court to admit the letters into evidence in the face of his objection and, therefore, a required element of proof would have been missing had the court properly sustained the appellee's objection. Appellee contends that a judgment (reversing and rendering) upholding the validity of the lien based on such evidence cannot be sustained here, since there were no pleadings to support the element of notice.

The giving of notice to the owners as required by Section 2, b(2) of Article 5453 is a condition precedent to the validity

of a lien claimed by a subcontractor. *Herrington v. Luce,* 491 S.W.2d 478 (Tex.Civ.App.—Tyler 1973, no writ); *Trinity Universal Insurance Company v. Palmer,* 412 S.W.2d 691 (Tex.Civ.App.—San Antonio 1967, writ ref'd n. r. e.). However, plaintiff alleged in its petition that it had filed its lien of record and alleged generally that it had perfected a first and superior lien on the Brewster property and that it was entitled to foreclosure and such other and further relief at law or in equity to which it shows itself justly entitled. No exceptions were levied or urged toward such pleading.

■ Formerly, a petition was required to allege with reasonable detail the performance or occurrence of such conditions precedent. But under Rule 54, T.R.C.P., it is sufficient to aver performance or occurrence generally. 2 McDonald, Texas Civil Practice, § 6.14.5(IV) (1970); Rule 54, T.R.C.P. A party may even plead liability in general terms, and if not excepted to, the pleading will authorize the introduction of evidence to establish the validity of the claim. *Agnew v. Coleman County Electric Cooperative,* 153 Tex. 587, 272 S.W.2d 877 (Tex.Sup.1954); *Western Union Tel. Co. v. Jeanes,* 88 Tex. 230, 31 S.W. 186 (Tex.Sup. 1895); *Coleman v. Texas & Pac. Ry. Co.,* 241 S.W.2d 308 (Tex.Civ.App.—Dallas 1951, writ ref'd); *Barber v. Corpus Christi Bank & Trust,* 506 S.W.2d 254 (Tex.Civ.App.—Corpus Christi 1974, no writ); *Houser v. Sunshine Laundries & Dry Cleaning Corporation,* 438 S.W.2d 117 (Tex.Civ.App.—San Antonio 1969, writ ref'd n. r. e.). Here, plaintiff alleged it had established its statutory lien without specifically alleging the step by step procedure it used in perfecting it.

■ The purpose of a pleading is to inform the court and the adverse party of what the pleaders' contentions will be on the trial of a case. The office of special exceptions is to furnish the adverse party a medium by which to force clarification of and specifications in the pleadings when they are not clear or sufficiently specific.

Rules 45 and 91, T.R.C.P.; *McFarland v. Reynolds,* 513 S.W.2d 620 (Tex.Civ.App.—Corpus Christi 1974, no writ); *Farias v. Besteiro,* 453 S.W.2d 314 (Tex.Civ.App.—Corpus Christi 1970, writ ref'd n. r. e.); *Pontarelli Trust v. City of McAllen,* 465 S.W.2d 804 (Tex.Civ.App.—Corpus Christi 1971, no writ); *Cruz v. Ansul Chemical Company,* 399 S.W.2d 944 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n. r. e.). The owner appellee did not levy or urge any special exceptions against Yeager's pleadings, nor did appellee's attorney move that such evidence be stricken from the record.

■ A party must present his complaints to the trial court concerning his opponent's pleading and must identify the basis of his dissatisfaction. If a defendant is willing to try the dispute upon the plaintiff's general allegations, even if they be defective, the fault is waived. 2 McDonald, Texas Civil Practice § 7.19, pp. 210, 211 (1970). See also *M. C. Winters, Inc. v. Cope,* 467 S.W.2d 224 (Tex.Civ.App.—Texarkana 1971, no writ); *First State Bank of Bremond v. Brannon,* 486 S.W.2d 179 (Tex.Civ.App.—Waco 1972, no writ); *Swinford v. Allied Finance Company of Casa View,* 424 S.W.2d 298 (Tex. Civ.App.—Dallas 1968, writ dism'd, cert. denied, 393 U.S. 923, 89 S.Ct. 253, 21 L.Ed.2d 259).

■ While it is true that defendant objected to the introduction of the letters, proving "notice", on the ground that such evidence was not raised by the pleadings, it was proper for the trial court to overrule the objection because there exists the well established rule that in the absence of special exceptions, the petition will be liberally construed in the pleaders' favor. *Scott v. Gardner,* 156 S.W.2d 513 (Tex.Comm'n.App. 1941, opinion adopted); *Sexton v. Kirk,* 273 S.W.2d 85 (Tex.Civ.App.—Waco 1954, no writ); *Coates v. Moore,* 325 S.W.2d 401 (Tex.Civ.App.—Waco 1959, writ ref'd n. r. e.); *Wolfe v. Brown,* 340 S.W.2d 851 (Tex. Civ.App.—Waco 1960, no writ); *Foster v. Lessing,* 346 S.W.2d 939 (Tex.Civ.App.—Waco 1961, writ ref'd n. r. e.); *Benson v.*

*Grace Oil Company,* 430 S.W.2d 98 (Tex.Civ. App.—Corpus Christi 1968, no writ); *Appell Petroleum Corporation v. G. W. Townsend Lease Service,* 375 S.W.2d 547 (Tex.Civ. App.—Corpus Christi 1964, no writ). See also *Hammonds v. Roper,* 493 S.W.2d 569 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n. r. e.); *Fleetwood Construction Company, Inc. v. Western Steel Company,* 510 S.W.2d 161 (Tex.Civ.App.—Corpus Christi 1974, no writ).

Upon objection by defendant to the admission of plaintiff's exhibits (notice) on the grounds that such were not supported by the pleading, and if such objection had been sustained by the trial court, it would have been necessary for the plaintiff to then request leave of the court to file a trial amendment. Rule 66, T.R.C.P. However, here, the objection was overruled. The petition had not been excepted to in the pleading stage. The defendant had allowed the plaintiff to go to trial on his general pleadings, pleading a debt, a valid lien with a prayer for foreclosure of such lien and for general relief.

■ There is still another reason why appellee's defense to appellant's appeal is without merit. Although appellee's attorney objected originally to the introduction of the "notice letters" as exhibits, such evidence was later allowed in the record without any objection whatsoever. Steve Brewster, appellee's witness, testified that he was handling all of his mother's (Mary Beth Brewster's) business at the time he received the letters (notices). He testified that they were dated August 3, 1972, and were received by him on August 9, 1972, one of which he referred to was plaintiff's exhibit 3. At another time during the course of the trial, Yeager's attorney questioned Steve Brewster with respect to PX 3 (the notice letter), the return receipts, and the affidavits of lien. Appellee's attorney stated to the court: "Your Honor, there is no question about that. They (the owners) got them (the letters, the return receipts, and the affidavits of lien), they brought them to me." The appellee's objection to the notice

letters being introduced into evidence was waived and is, therefore, without merit.

In addition, the trial court found that Yeager, on or about August 3, 1972, sent a statutory notice letter to Mary Beth Brewster and Steve Brewster and that such notice was received by them. The appellee did not object to the trial court's findings nor did the owner file a cross appeal based on the trial court's ruling.

We have examined the record carefully and it shows that the notices were in proper form and timely sent, that Yeager filed its affidavits of lien (in good form) on August 24, 1972, with the county clerk. Such filing was within ninety (90) days after the indebtedness accrued, thus satisfying Article 5453. The filing of the lien affidavit also satisfied Article 5469 in that such was filed not later than thirty (30) days after the work was completed. The record shows that the plaintiff, in following the statutory requirements, sent to the owner two copies of the affidavit claiming such lien. Since Yeager fixed and secured its statutory lien under the provisions of Article 5453, and established its lien on the owner's property under the provisions of Articles 5453 and 5469 to the extent of ten percent (10%) of the contract price, Yeager was entitled to recover against the owner's property to the extent of its lien in the amount of $2,347.50.

The judgment of the trial court is accordingly reversed and judgment is here rendered granting Yeager Electric & Plumbing Company, Inc. appellant, judgment against Mary Beth Brewster for the sum of $2,347.50, with interest thereon at six percent (6%) per annum from June 10, 1973, until paid and for all costs of court. The mechanic's and materialman's lien established by Yeager against the owner's property recorded in Volume 16, pages 398, 399 of the Mechanic's Lien Records of Aransas County, Texas, against the property described therein is here reinstated, and is of full force and effect until paid and released. If not paid, the appellant Yeager Electric & Plumbing Company, Inc. shall have its fore-

closure of the above described lien to satisfy the debt for which let execution issue.